# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                            Telephone: (212) 317-1200
New York, New York 10165                                                Facsimile: (212) 317-1620

———————

July 14, 2020

**VIA ECF**

Honorable John G. Koeltl, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  Luis Roman v. ABC Corp. et al; 19-cv-6628-JGK-KNF

Your Honor:

      This office represents the Plaintiff in the above referenced matter.  Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions throughout a settlement conference before Magistrate Judge Fox. A copy of the Agreement is attached hereto as "Exhibit A."

      Plaintiff alleges that he was employed by Defendants at Defendants' Manhattan dry cleaning establishment. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate overtime wages and failure to provide statutorily-required wage statements and wage notices.

      **I.**      **The Proposed Settlement is Fair and Reasonable**

      Under the Agreement, Defendants will pay $5,000.00 to settle all claims with one (1) payment.

      Plaintiff alleged that he is entitled to back wages of approximately $54,618.75 from Defendants. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $170,560.06.  A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as "Exhibit B."

      Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot*

July 14, 2020
Page 2

*U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the amount of pay tendered to Plaintiff. At the settlement conference, Defendants presented documentation that might lead a factfinder, if presented therewith, to conclude in favor of Defendants' position.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $2,020.00 from the settlement fund as attorneys' fees and costs. This represents remuneration of the $400 filing fee plus one third of the remainder of the recovery in this litigation. This is a reduction in fees from what is identified in Plaintiff's retainer agreements, which provides that forty percent of Plaintiff's recovery will be retained by the firm. This is also reduction in fees of over 40% from the lodestar figure, which, between work expended on the pleadings, preparing discovery demands and responses to Defendants' discovery demands, preparation for and participation in the settlement conference, drafting and revision of the settlement agreement, repeated correspondence to secure Defendants' execution of the settlement agreement, and the July 9 status conference, exceeds $3,000.00. [1]

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of each individual who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court

---

[1] A precise figure for the lodestar is unavailable at this time as Plaintiff's counsel's firm has been experiencing difficulty with its billing software. A complete invoice will be submitted when the billing software is repaired so as to permit the production of such invoice.

apply should the Court undertake a "lodestar analysis of the fairness of such fees (see, e.g,., Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 493 F. 3d 110 (2d Cir. 2007):

    i.    Michael Faillace, Esq., the Managing Member of Michael Faillace & Associates, P.C., has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    Yolanda Rivero was an associate at Michael Faillace & Associates, P.C.. She graduated from Albany Law School in 1996. She practiced as an associate with Michael Faillace & Associates, P.C. from January 2008 until April 2013, and from April 2019 to January 2020, cultivating a background in labor and employment law, with a focus on FLSA litigation. Between her respective stints at this firm, Ms. Rivero practiced real estate law for about six years. Ms. Rivero's work was billed at her regular rate of $350 per hour. This rate compares favorably with rates that courts have approved for associates of comparable experience levels. See, e.g., Manley, supra, Doc. No. 42, at *33, 37.

    iii.    I, Jordan Gottheim, graduated from Fordham University School of Law in 2016. I have cultivated an expertise in labor and employment law through internships in my law school's clinical educational department and LexisNexis's Lexis Practice Advisor Labor and Employment Law module, and through wage and hour associate experience at Heng Wang & Associates, P.C. and, since January 2020, at Michael Faillace & Associates, P.C. My work is billed at a rate of $300 per hour.

    iv.    Jasmine Hernandez is a paralegal at Michael Faillace & Associates, P.C.. She graduated from City Univesity of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra,

July 14, 2020
Page 4

Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                        Respectfully submitted,

                        /s/ Jordan Gottheim
                        Jordan Gottheim
                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                        Attorneys for the Plaintiff

Enclosures

cc: Jason Mizrahi, Esq. (via ECF)