**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CARLOS LUIS ROMAN *individually and on behalf of others similarly situated,*<br><br>           *Plaintiff,*<br><br>         -against-<br><br>ABC CORP. (D/B/A EDDY'S LAUNDRY & DRY CLEANERS), EDDIE C CHIN AKA EDDY CHIN, AND, SIU CHEE CHIN AKA HEIDI CHIN,<br><br>           *Defendants.* | **19-cv-06628-JGK**<br><br>**SETTLEMENT AGREEMENT AND**<br>**RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Carlos Luis Roman ("Plaintiff Roman") on the one hand, ABC Corp. (d/b/a Eddy's Laundry & Dry Cleaners), ("Defendant Corporation"), Eddie C Chin aka Eddy Chin and Siu Chee Chin aka Heidi Chin, ("Individual Defendants"), (Defendant Corporation and Individual Defendants collectively, "Defendants"), on the other hand (Plaintiff Roman and Defendants collectively denoted "the Parties").

WHEREAS, Plaintiff Roman alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Roman's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-06628-JGK (hereinafter "the Litigation"), alleging, among other things, violations of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Roman and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Five Thousand Dollars and No Cents ($**5,000.00**) (the "Settlement Amount"), within seven (7) days of execution of this Agreement, as follows.

(a) A check, dated no the date on which such check is tendered, in the amount of Two Thousand Twenty Dollars and Zero Cents ($2,020.00) made payable to "Michael Faillace & Associates, P.C." Another check, dated the date on which such check is tendered, in the amount of Two Thousand Nine Hundred and Eighty Dollars and Zero Cents ($2,980.00) made payable to "Carlos Luis Roman"; reflecting: (x) alleged unpaid wages in the gross sum of $1,490.00_____, less all applicable state, federal, and local taxes and withholdings (a W-2 will be Issued to Mr. Luis Roman for this amount); and (y) alleged liquidated damages, statutory damages, and/or interest in the gross sum of $_1,490.00_____, for which Mr. Luis Roman will be provided with an IRS Form 1099.;

(b) The payments set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165. These payments shall be held in escrow by Plaintiff's counsel pending the Court's approval of this Agreement.

1.1 Tax Characterization.

(A)     For tax purposes, a portion of the payments in Section 1 shall be treated as unpaid wages for which a Form W-2 shall be issued and a portion of the payments in Section 1 shall be treated as interest and/or liquidated damages and issue without any withholdings for which a Form 1099 shall be issued to Plaintiff. Plaintiff shall provide to Defendants on or before the Effective Date completed and executed IRS Forms W-4 and W-9. Plaintiff' shall also provide to Defendants on or before the Effective Date a completed and executed IRS Form W-9 for their attorneys. No payment shall be issued under this Agreement until completed and executed IRS Forms W-4 and W-9 are tendered.

(B)     Payments treated as unpaid wages pursuant to Section 1 shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and each respective employee's share of FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number and/or taxpayer identification number on an IRS Form W-2. Payments treated as interest and/or liquidated damages pursuant to Section 1 shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number and/or taxpayer identification number on an IRS Form 1099. Said funds shall be listed in Box 3 ("Other Income") of the issued IRS Form 1099. Payments of attorneys' fees and costs pursuant to Section 1 shall be made to Plaintiff' Counsel without withholding and reported on an IRS Form 1099 under the payee's name and taxpayer identification. Additionally, an IRS Form 1099 will be issued to Plaintiff in the amount of one-half of the fees and costs.

(C)     Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer's share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages. Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Amount and shall not be paid out of the Settlement Amount. Defendants shall not be responsible for: (i) any payroll taxes imposed on employees rather than employers; (ii) any taxes imposed on the portion of the payments to Plaintiff treated as payment of interest and/or liquidated damages reported on Forms 1099; or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiff's Counsel under this Agreement.

(D)     Plaintiff acknowledges and agrees that, except for the employer's share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Section 1, Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement.  Additionally, Plaintiff agrees to indemnify and hold Defendants harmless for any and all federal, state, city, and local taxes, including interest, charges, and penalties on any said taxes, that are due, may become due or are otherwise assessed against Plaintiff at any time with respect to any portion of the Settlement Amount received by Plaintiff except for the employer's share of the FICA tax and any federal and state unemployment tax, and any interest, charges, and penalties on any FICA tax and any federal and state unemployment tax, due with respect to the amounts treated as wages as specified in Section 1.

(E)     The employee portion of all applicable income and payroll taxes will be the sole responsibility of Plaintiff.

2.     <u>Release and Covenant Not To Sue</u>:  Plaintiff Roman hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers any and all, with respect to wage and hour matters which were the subject of the Litigation, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims").  Similarly, Defendants release and discharge Plaintiff Roman from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Roman relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by proper representatives of, respectively, Plaintiff Roman and Defendants.

5.     <u>Acknowledgments:</u>    Plaintiff Roman and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     <u>Default</u>:      In the event of Default, as defined in Paragraph 1 above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement in accordance with the provisions of Paragraph 8 below, provided that no such court intervention shall be sought until ten days elapse following the giving of notice, in accordance with and as defined in Paragraph 7 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in securing such defaulting party or parties' compliance with the terms of this Agreement and/or curing the default.

7.    Notices:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:


To Plaintiff Roman:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Email: michael@faillacelaw.com

To Defendants:

Eunon Jason Mizrahi
Levin-Epstein & Associates, P.C.
420 Lexington Ave, suite 2525
New York, NY 10170
Tel: (212) 792-3170
Email: jason@levinepstein.com


8    Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction,  in any subsequent proceeding to enforce this Agreement.

9.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Roman agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10.    Release Notification: Defendants have afforded Plaintiff Roman the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with Michael Faillace & Associates, P.C., Plaintiff Roman acknowledges that it is his choice to

waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff Roman confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____
    CARLOS LUIS ROMAN

Date: 4/21/20

DEFENDANTS:

By: _____
    ABC CORP., d/b/a EDDY'S LAUNDRY
    & DRY CLEANERS

Date: _____

Name: _____

Title: _____

By: _____
    EDDIE C CHIN AKA EDDY CHIN

Date: _____

By: _____
    SIU CHEE CHIN AKA HEIDI CHIN

Date: _____